*Chandler v. State*, No. 114-3-11 Wmcv (Teachout, J., Oct. 3, 2014)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                    CIVIL DIVISION
**Windham Unit**                                        **Docket No. 114-3-11 Wmcv**

**CHARLES CHANDLER,**
**Petitioner**

**v.**

**STATE OF VERMONT,**
**Respondent**


## RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

In this post-conviction relief case, Petitioner Charles Chandler seeks to vacate a criminal conviction on the grounds that the lawyer who represented him provided ineffective assistance of counsel. On September 5, 2014, a summary judgment ruling was issued denying Petitioner's Motion for Summary Judgment. The Court ruled on a portion of Respondent's Motion and set the case for oral argument on a specific issue in the motion. The hearing took place on October 3, 2014. Petitioner represented himself, and Respondent was represented by Attorney Tracy Shriver.

The facts are set forth in the Decision of September 5, 2014.

The issue is whether Petitioner needs expert testimony to succeed on his claim that his lawyer's performance prior to and during trial fell below an objective standard of reasonableness informed by prevailing professional norms, and that such deficient performance prejudiced the Petitioner such that the outcome would have been different without the substandard performance.

In the ruling of September 5, 2014, the Court has already determined that expert testimony was not needed to show that the attorney had a bias against Petitioner based on a portion of a telephone voicemail message left by the attorney. However, even assuming that the attorney had bias against Petitioner, a petitioner must also prove the second prong of the test, i.e., that the result of the trial would have been different. The voicemail bias, even if believed, would not be sufficient to prove that the outcome of the trial would have been different without additional facts showing a substandard performance on the part of the attorney in conducting the defense of Petitioner prior to and at trial.

While bias based on the voicemail is not sufficient by itself to support the claim, such evidence may be pertinent if there is also evidence of substandard performance, but Petitioner is still obliged to present facts to show a substandard performance. The question for oral argument was whether an expert is needed to testify concerning the three grounds on which Petitioner alleged the attorney's performance was substandard:

failure to object to the Information charging Petitioner with impeding public officers; failure to obtain certain exculpatory evidence from a prior lawyer for Petitioner, and failure to object to jury instructions and closing arguments during trial.

These three allegations all require a criminal defense attorney familiar with prevailing professional norms to testify about the standard of care required of a criminal defense attorney under the circumstances of this case. The Court cannot determine whether Petitioner's attorney failed to meet that standard without an evidentiary basis for determining *what that standard is* as it relates to raising an objection to the content of an information, requesting materials from a former attorney, and making objections to the content of a jury instruction and closing argument. Expert testimony is needed in order for Petitioner to meet his burden of proof, both as to what the standard is in relation to the specific allegations in the case, and whether the attorney's actions fell below that standard and further whether the outcome would have been different without the substandard performance. This is not one of the rare situations in which ineffective assistance can be presumed without expert testimony.

Since Petitioner failed to make a timely disclosure of an expert who would provide such testimony, Petitioner is unable to succeed on his claim.

## ORDER

For the foregoing reasons, Respondent's Motion for Summary Judgment is *granted.*

Dated at Newfane this 3rd day of October, 2014.

_____
Honorable Mary Miles Teachout
Superior Court Judge

2